COYLE (LEACH v.). See Case No. 8,156.

## Case No. 3,312a.

COYNE v. The ALEXANDER McNEIL.

[20 Int. Rev. Rec. 176.]

District Court, S. D. Georgia. Aug. Term, 1874.

MARITIME LIENS—STEVEDORES.

[Stevedores have no lien on a vessel for stowing or discharging a cargo.]

[In admiralty. Libel by Michael Coyne against the bark Alexander McNeil for wages.]

Mr. Guerard, for libellant.

Jackson Lawton and Mr. Bassenger, for intervenors.

ERSKINE, District Judge. On the 13th of July, 1874, Coyne filed a libel in rem against the bark Alexander McNeil, of New York, then lying in the port of Savannah. The libel states that, the bark being ready to receive cargo, G. W. Leach, her master, made a contract with libellant, as a stevedore, to stow a cargo of cotton and staves, the former at 60 cents per bale, the latter at——per M, on said bark; that he has received for his said labor $298.50, and that there is still due and owing to him by said bark, as stevedore, $940.70; he prays process, and asks that the bark be condemned and forfeited, etc. To this Schuchardt & Sons, of New York, interpose a claim as mortgagees of said bark, alleging that Coyne has shown no lien on her, nor has he any lien, and they pray that as the vessel is about to be sold by order of this court, the proceeds of such sale be adjudged to them to the exclusion of Coyne, etc. Nothing further in the pleadings need be presented. The proofs show that the master of the bark did make a contract with libellant, as stevedore, to stow the cargo at certain named rates; that Coyne performed the work, and received $300 as in part payment, which he credited to the bark. The master admitted the correctness of the account, but said he had no money to pay Coyne, and that he must get it from the vessel.

The constitution of the United States gives the federal judiciary cognizance of "all cases of admiralty and maritime jurisdiction," and the ninth section of the judiciary act of 1789 [1 Stat. 77] vested in the district courts exclusive original cognizance of civil cases in admiralty and maritime jurisdiction. Taking what I have just said as a point of departure, is the libellant properly here? That his claim is meritorious no one can doubt; but can it be asserted by a suit in rem? In other words, is his demand, under the general rules of maritime law, a lien or privilege in the thing,—the vessel,—for, if it is, it will follow the proceeds arising from the sale of the res. Mr. Guerard contended for libellant that the views expressed by Dr. Benedict in his work on admiralty (2d Ed. § 285), that the services performed by stevedores are maritime, and may be enforced by suit in rem, against the vessel, or in personam against the master or owner; that the same principle which allows the sailor, and him that sets up her rigging, or paints her sides, to resort to the admiralty, will also allow the same privilege to stevedores. Ethically speaking, there is much in what the learned author advances, but he presents no authority upholding his theory, and none was referred to by the advocate. And so far as my own information extends, courts of admiralty have hitherto held that stevedores have no lien on the vessel for stowing or discharging her cargo; that they are merely laborers, like the draymen who haul the cargo to or from the ship, or the 'longshoremen who hoist it in or out.

I have but three cases before me on this immediate subject, in each of which it was decided that stevedores have no lien for their services on the vessel. In the case of The Amstel [Case No. 339], which was a libel in rem by a stevedore for his services in discharging her, Betts, J., said: "The libellant has no lien upon the vessel, because his services as a stevedore were not in their nature maritime, and were really performed on land. It is to be remarked that the services consisted of nothing done to the vessel in her repairing or refitment, but of labor expended, partly on board and partly on shore, in discharging her cargo. This description of service has never yet been recognized as of a privileged order. It does not fall within the extensive list of debts privileged by the civil law; nor does it seem to be comprehended within the principle upon which a lien of privilege is allowed." And the rule announced in that case was repeated in the case of The Joseph Cunard [Case No. 7,535]. The third case was that of McDermot v. [The] S. G. Owens [Case No. 8,748], before Mr. Justice Grier, of the supreme court of the United States. The libellant claimed a lien for labor and for services as a stevedore in loading and storing the cargo of the vessel. Grier, J., said: "The argument of the libellant's counsel is ingenious, but it wants the support of authority. No decision or

dictum has been brought to the notice of the court which would justify them in treating this as a maritime service. It does not follow, because sailors once performed those duties, now better executed by landsmen, that therefore they should have the mariner's lien on the vessel."

Those cases would seem to fairly establish the proposition that their employment is essentially distinct and different from navigating or aiding to navigate or benefit the vessel or crew in actual employment. So, as they cannot sue either in rem or in personam for their services, in admiralty, it follows that their contracts, express or implied, are personal with the master or owner, and their remedy must be against those who employed them. Libel dismissed, with costs.